United States District Court
Middle District of Louisiana

Paul W. Miller
and Others

    Plaintiff,

v.

Jeff Landry
the Attorney General
of Louisiana

    defendant.

No. _____

Complaint FoR
Injunction
(42 U.S.C. § 1983)

Plaintiff, for his complaint against Defendant, in the defendant's official capacity only, states the following:

## PRELIMINARY STATEMENT

1. This is an action under the laws and Constitution of the United States, as well as the laws and Constitution of the State of Louisiana, alleging that Defendant, Jeff Landry, in his official enforcement capacity as the Attorney General of the State of Louisiana, has sought and is seeking to violate the

-1-

First Amendment rights of Paul W. Miller, and others by enforcing the State of Louisiana's currently enacted Louisiana Revised Statute 14:81.1 (A)(1) which makes it a crime for "a person to produce, promote, advertise, distribute, posses, or posses with the intent to distribute pornography involving juveniles" and punishes anyone who violates it with a substantial fine of up to "fifty thousand" dollars and with a enormous prison term at "hard labor" for not less than five years or more than twenty years" and this punishment is "without benifit of parole, probation or suspention of sentence".

2. By this complaint Plaintiff challanges the Constitutionality of these statutes on their face and as they may be applied to Plaintiff and to Others, as being vague or overbroad. Plaintiff seeks a declevation that the law itself is unconstitutional, as well as pieleminary and permanent injunction relief prohibiting its further enforcement.

# JURISDICTION

3. Jurisdiction over Plaintiff's claims for declaratory and injunctive relief is conffered on this Court by 28 U.S.C. §§ 1331, 1343, 2201, and 42 U.S.C. §§ 1983 and 1988. This Court may exercise pendant jurisdiction over Plaintiff's state law claims on the basis of

28 U.S.C. §1367.

4. This suit is authorized by law to redress deprivations under color of state law of rights, privilages, and immunities secured by the Fifth and Fourteeth Amendment's to the United States constitution and for declaratory and injunctive relief.

5. Vinue in this Court is appropiate as Plaintiff and others face potential injury from fines and imprisonment and Plaintiff and others are currently injured by their self imposed restraint on exercising their Constitutionally protected expression and press, proscribed by law.

## PARTIES

### The Plaintiff

6. Paul W. Miller is a resident of the State of Louisiana and wants to engage in producing (to put to press) pornography involving juveniles within the state of Louisiana, but, he has thusfar, refrained from producing such Constitutionally protected speech or expression.

7. Plaintiff wants to photograph persons under the age of seventeen years old in a sexual performance, where the sex acts performed are not a violation of a non-speech Louisiana criminal law, but he has thusfar refrained

-3-

from photographing (to put to press) such persons, because the mere existance of §81.1(A)(1) chills him from photographing such expressions.

8. Plaintiff wants to ask persons under the age of seventeen years old to photograph themselves in a sexual performance, where the sex acts performed are not in violation of a valid non-speech Louisiana criminal law, but he has thus far refrained from asking such person to exercise their First Amendment right to free speech or sexual expression;

9. Plaintiff wants to recieve photographs produced by persons under the age of seventeen years old, of themselves, engaging in a sexual performance where the sex acts performed are not comitted in violation of a valid non-speech Louisiana criminal law, but he has thus far refrained from recieving such photographs.

10. Person under the age of seventeen years old have refrained from producing a photograph of their sexual performances where the sex acts performed are not in violation of any Louisiana non-speech criminal law.

11. Paul W. Miller and others justifiably fears facing punishment for engaging in constitutionally protected speech criminalized by §81.1(A)(1).

12. Plaintiff and others justifiably fears that under §81.1(A)(1) he and others will be arrested, convicted, and severally punished for violating §81.1(A)(1).

13. Plaintiff also justifiably fears that others, who are over (or under the age of seventeen years old, who engage in constitutionally protected speech will be arrested, convicted and punished for violating §81.1(A)(1).

14. Plaintiff justifiably fears, under §81.1(A)(2) that hisself or other that are a parent, legal guardian, or custodian of a child will be punished if they consent to the participation of such child in pornography involving juveniles.

15. Such regulation has had a devistating effect on the Petitioner and others, impacting their First Amendment right to put their expressions and the expressions of other to press.

16. Such regulation has chilled Plaintiff's speech, infact, it prevented him from photographing many persons under the age of seventeen years old, while engaging in non-criminal consentual sexual intercourse with them while he himself was under the age of seventeen years old.

17. Such regulation has chilled the speech of others

- 5 -

not before the Court, such as, a husband or wife who wants to photograph, and thus, permanently record their sexual expressions to each other, when either one or both are under the age of seventeen years old.

18. Such regulation has, in fact, chilled any person who is under the age of seventeen years old who wants to photograph themselves in a lawful sexual performance.

## The Defendant

19. Jeff Landry, is the Attorney General of the State of Louisiana.

20. Pursuant to the Constitution of the State of Louisiana and related state laws, such Attorney General is vested with the responsibility of defending the laws of the State of Louisiana in litigation such as this action.

## STATEMENT OF THE FACTS

### A. Louisiana Revised Statute 14:81.1(A)(1)

21. Prior to filing of this action, LA. R.S. 14.81.(A)(1) was enacted and signed into law.

a. The law establishes what speech is proscribed and what punishment a person will recieve for violating it.

b. The Louisiana law at section 81.1(B)(3) defines "distribute" as "to issue, sell, give, provide, lend, mail, deliver, transfer, transmite, distribute, circulate or disseminate by any means".

c. The Louisiana law at section 81.1(B)(5) defines "pornography involving juveniles" as "any photograph, videotape, film, or other reproduction whether electronic, or otherwise, of any sexual performance involving a child under the age of seventeen."

d. The Louisiana law at section 81.1(B)(1) defines "produce" as "to photograph, videotape, film, or otherwise reproduce pornography involving juveniles, or to solicit, promote, or corerce any child for the purpose of pornography involving juveniles."

e. The Louisiana law at section 81.1(B)(7) defines "sexual performance" as "any performance or part thereof that includes actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masterbation, Sado masochistic abuse, or lewd exhibition of the genitals or anus."

f. The Louisiana law at section 81.1(A)(1) makes it a crime for "a person to produce, promote, advertise, distribute, posses or posses with the intent to distribute pornography involving juveniles".

g. The Louisiana law proscribes the message of free sexual expression, the idea of a childs freedom to performe expressive sex acts, the sexual performance of a child, the directing of a childs sexual performance and the recording of a childs sexual expressions based solely on its content.

22. The Louisiana law reaches any individual, reguardless of the age of the person who produced "pornography involving juveniles".

23. The Louisiana law reaches any individual reguardless of whether or not the sexual performance includes criminal sexual conduct.

24. The Louisiana law reaches any individual reguardless of whether or not the producing, promoting, advertising, distributing, possesing, of pornography involving juveniles involves any non-speech criminal conduct.

25. The Louisiana law does not have as an element the requirement that the sexual acts performed be in

-8-

violation of any valid non-speech Louisiana criminal law.

26. The Louisiana law reaches a husband and wife who photographs their sexual performance in their marital bedroom if one or both are under the age of seventeen years old.

27. The Louisiana law reaches a 13 year old child who photographs their genitals, out of counstody or to show to their boyfriend or girlfriend.

28. The Louisiana law reaches a father who places a camera in his fourteen year old daughter's bedroom for security reasons, but, he catches his daughter's "sexual performance".

29. The Louisiana law reaches a individual who photographs the sexual performance of a child whether or not the sex acts performed are in violation of a valid non-speech Louisiana criminal law.

30. These provisions violate the First Amendment's freedom of the press and free speech rights by functioning as a prior restraint and imposing an impermissible chilling effect on sexually explicit, non-obscene, non-criminal, speech and expressions in the privacy of ones home, market place, or between individuals in general.

-9-

31. The actual existance of these provisions, may cause others not before the court to refrain from photographing, constitutionally protected speech or expression.

## B. First Amendment

32. Congress shall make no law abridging the freedom of the press or the freedom of speech.

33. All methods of expressing ideas, including movies, art, books, and expressive physical conduct, are safe guarded by the free speech clause.

34. The government may not restrict expression because of its message, its ideas, its subject matter, or its content.

35. A law imposing a content-based restriction on expression is invalid.

36. The government must demonstrate that a content-based law satisfies strict scrutiny.

37. To satify strict scrutiny a content-based law must be narrowly tailored to serve a legitimate government non-speech intent.

38. Content-based regulations that cannot survive strict scrutiny are facially unconstitutional under the First Amendment.

39. There are certain well-defined and narrowly limited areas of expression in which the government may impose content-based restrictions immune from strict scrutiny review.

40. Such types of expression are excluded from the freedom of speech guaranteed by the First Amendment.

41. Because, these types of expression have been "historically unprotected" by the First Amendment.

42. "Historically unprotected" speech, is speech, in which, at the time of the founding of The United States Constitution's First Amendment, that speech was punished by a valid law.

43. The Supreme Court cannot create a new category of unprotected speech out of whole cloth.

44. The Supreme Court can only identify a category of speech, which has been Historically punished since 1791.

45. "Historically punished" speech means that there was a

-11-

Valid law in existance, that punished such speech, at the time of the founding of the First Amendment in 1791.

46. The Supreme Court can identify certain expressions as a sub-category of a previously reconized category of historically punished expression long familar to the bar.

47. "Long familar to the bar" means that at some point, in judicial history, that speech has been properly brought before the Supreme Court.

48. "Speech integral to criminal conduct" is one of these historic and traditional categories of speech long familar to the bar.

49. Content-based restrictions on speech have been permitted, as a general matter, only when confined to these few historic and traditional categories of expression long familar to the bar.

50. The speech integral to criminal conduct exception is: When a person comits an offense by engaging in both speech and non-speech conduct, and the sole objective of the speech is to facilitate the persons non-speech criminal behavior.

## C. Historical evidence

51. There is no Historical evidence at the time of the founding of the First Amendment, in 1791, that the production of pornography involving juveniles or child pornography was punished by a valid criminal law.

52. There is no historical evidence that there was a law proscribing the production of pornography involving juveniles or child pornography at the founding of the First Amendment in 1791.

## D. Paul W. Miller, on behalf of himself and others, response to Section 81.1 et. rel.

53. Paul W. Miller, wants to photograph a person who is under the age of seventeen years old in a sexual performance, where the sexual acts are non-criminal and legal for him to view.

54. PAUL W. Miller wants to ask a person who is under the age of seventeen years old to photograph themselves in a sexual performance.

55. On behalf of the person under the age of seventeen years old who wants to photograph themselves in a sexual performance.

-13-

56. On behalf of the husband and wife, when one or both are under the age of seventeen years old, who wants to photograph themselves in a sexual performance.

57. On behalf of any person who wants to produce pornography involving juveniles of a sexual performance of a person under the age of seventeen years old, where the sex acts are not criminal.

58. Paul W. Miller and other's fear of prosecution is grounded in actual enforcement activities throughout the State of Louisiana.

59. The State of Louisiana has a history of prosecuting sexually explicit materials.

60. Paul W. Miller's fear of being punished is justifiable.

## STATEMENT OF THE CASE

### Claim One: Violation of First Amendment Speech Rights

61. Plaintiff realleges and incorporates by reference each and every proceeding paragraph of this complaint.

62. Because, the State law makes it a crime to

photograph the sexual performance of a person under the age of seventeen years old without requiring the sexual performance to be in violation of a valid non-speech criminal law proscribing the sex act itself violates the Plaintiff's First Amendment rights of the press and free speech and free expression.

63. In light of these facts, Plaintiff is entitled to a declaration that §81.1(A)(1) "pornography involving juveniles" as an offense violates the First Amendment, both on its face and as applied to him, and is, therefore, unenforceable.

64. Plaintiff is equally entitled to an injunction restraining the enforcement and application of LA. R.S. 14:81.1(A)(1).

### Claim Two: Violation of First Amendment Speech Rights of Others

65. Plaintiff realleges and incorporates by reference each and every preceeding paragraph of this Complaint.

66. Because, the State law makes it a crime to photograph the sexual performance of a person under the age of seventeen years old without requiring

-15-

the sexual performance to be in violation of a valid non-speech criminal law proscribing the sex act itself, violates the First Amendment's right of free press, and freedom of speech and expression.

67. In light of these facts, Others are entitled to a declaration that §81.1(A)(1) "pornography involving juveniles," as an offense, violates the First Amendment, both on its face and as applied to others not before the Court, and is, therefore, unenforceable.

68. Others are equally entitled to an enjunction restraining the enforcement and application of LA. R.S. 14:81.1(A)(1).

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of this case and set this case for a prompt hearing;

B. Permit Plaintiff and others to proceed in this action under his initials as opposed to his full legal name in order to protect his anonymity;

C. Enter a declaration that the State of Louisiana's Anti-pornography involving juveniles-laws for individuals are unconstitutional, both facially and as they may be applied against Plaintiff and others;

D. Enter judgement for preliminary and permanent injunction relief prohibiting Defendant from enforcing these provisions;

E. Award reasonable attorney's fees and cost pursuant to 42 U.S.C. §1988; and

F. Enter any other award or relief that the Court finds justified under the circumstances.

Dated 2-14-2022

Paul W. Miller
*Paul W Miller*

Paul W. Miller
Reg# 05503-095
United States Penitentiary Tucson
P.O. Box 24550
Tucson, AZ 85734